Official Form 1 (12/07)

Case 08-14478 Doc 1 Filed 06/18/08 Entered 06/18/08 15:30:24 Desc Main
United States Bankruptcy Court
District of Massachusetts Document Page 1 of 23                    **Voluntary Petition**

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Dick, Marcia, L.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Social-Security/Complete EIN or other Tax-I.D. No. (if more than one, state all): **7160** | Last four digits of Social-Security/Complete EIN or other Tax-I.D. No. (if more than one, state all): |

| Street Address of Debtor (No. & Street, City, and State):<br>**473 North Street**<br>**Georgetown, MA**<br>ZIP CODE **01833** | Street Address of Joint Debtor (No. & Street, City, and State):<br>ZIP CODE |
|---|---|
| County of Residence or of the Principal Place of Business:<br>**Essex** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

| **Type of Debtor**<br>(Form of Organization)<br>(Check one box.) | **Nature of Business**<br>(Check one box) | **Chapter of Bankruptcy Code Under Which<br>the Petition is Filed** (Check one box) |
|---|---|---|
| ☒ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)<br>_____ | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☐ Chapter 7    ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 9<br>☐ Chapter 11   ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding<br>☐ Chapter 12<br>☒ Chapter 13 |

**Tax-Exempt Entity**
(Check box, if applicable)

☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code.)

**Nature of Debts**
(Check one box)

☒ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose."    ☐ Debts are primarily business debts.

| **Filing Fee** (Check one box) | **Chapter 11 Debtors** |
|---|---|
| ☒ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b) See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.<br>**Check all applicable boxes**<br>☐ A plan is being filed with this petition<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

| Voluntary Petition | Name of Debtor(s): |
| --- | --- |
| *(This page must be completed and filed in every case)* | Marcia L. Dick |

## All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet.)

| Location Where Filed: **NONE** | Case Number: | Date Filed: |
| --- | --- | --- |
| Location Where Filed: | Case Number: | Date Filed: |

## Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor: **NONE** | Case Number: | Date Filed: |
| --- | --- | --- |
| District: | Relationship: | Judge: |

| Exhibit A | Exhibit B |
| --- | --- |
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>❏  Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____  6/18/08<br>Signature of Attorney for Debtor(s)          Date<br>**Michael A. Dixon, Esq.**<br>**550696** |

## Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

❏  Yes, and Exhibit C is attached and made a part of this petition.

☑  No

## Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

❏  Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

❏  Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

## Information Regarding the Debtor - Venue
### (Check any applicable box)

☑  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

❏  There is a bankruptcy case concerning debtor's affiliate. general partner, or partnership pending in this District.

❏  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District. or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

## Certification by a Debtor Who Resides as a Tenant of Residential Property
### (Check all applicable boxes.)

❏  Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

❏  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

❏  Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

❏  Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

Official Form 1 (12/07)

Case 08-14473   Doc 1   Filed 06/18/08   Entered 06/18/08 15:30:24   Desc Main
Document   Page 3 of 23

FORM B1, Page 3

Name of Debtor(s):
Marcia L. Dick

**Voluntary Petition**
*(This page must be completed and filed in every case)*

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X *Marcia Dick*
Signature of Debtor   **Marcia L. Dick**

X **Not Applicable**
Signature of Joint Debtor

Telephone Number (if not represented by attorney)

Date   *6/18/08*

X *Michael Dixon*
Signature of Attorney for Debtor(s)

**Michael A. Dixon, Esq.  Bar No. 550696**
Printed Name of Attorney for Debtor(s) / Bar No.

**Law Offices of Michael A. Dixon**
Firm Name

**92 High Street Suite 5**
Address

**Medford, MA 02155**

**781-391-7117           781-391-7017**
Telephone Number

Date   *6/18/08*

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of Title 11, United States Code. Certified Copies of the documents required by § 1515 of title 11 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the Chapter of title 11 specified in the petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X **Not Applicable**
(Signature of Foreign Representative)

(Printed Name of Foreign Representative)

Date

**Signature of Non-Attorney Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

**Not Applicable**
Printed Name and title, if any, of Bankruptcy Petition Preparer

Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

Address

X **Not Applicable**

Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **Not Applicable**
Signature of Authorized Individual

Printed Name of Authorized Individual

Title of Authorized Individual

Date

**B6G (Official Form 6G) (12/07)**

In re: <u>Marcia L. Dick</u>                                    , Case No. _____
                          **Debtor**                                              **(If known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  |  |

**B6H (Official Form 6H) (12/07)**

In re: **Marcia L. Dick** _____.    Case No. _____
_____Debtor                                      (If known)

# SCHEDULE H - CODEBTORS

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|------------------------------|------------------------------|
|                              |                              |

B6I (Official Form 6I) (12/07)

In re **Marcia L. Dick** _____    Case No. _____
                        Debtor                                              (If known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: **Single** | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S): | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Editor** | |
| Name of Employer | **Boston Globe** | |
| How long employed | **18 Years** | |
| Address of Employer | | |

INCOME: (Estimate of average or projected monthly income at time case filed)

| | | DEBTOR | SPOUSE |
|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly.) | $ | 7,727.37 | $ |
| 2. Estimate monthly overtime | $ | 0.00 | $ |
| 3. SUBTOTAL | $ | 7,727.37 | $ |
| 4. LESS PAYROLL DEDUCTIONS | | | |
| a. Payroll taxes and social security | $ | 2,861.46 | $ |
| b. Insurance | $ | 0.00 | $ |
| c. Union dues | $ | 0.00 | $ |
| d. Other (Specify) | $ | 0.00 | $ |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 2,861.46 | $ |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | 4,865.91 | $ |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | 507.00 | $ |
| 8. Income from real property | $ | 600.00 | $ |
| 9. Interest and dividends | $ | 0.00 | $ |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ | 0.00 | $ |
| 11. Social security or other government assistance (Specify) | $ | 0.00 | $ |
| 12. Pension or retirement income | $ | 0.00 | $ |
| 13. Other monthly income (Specify) **Contribution from Renter** | $ | 650.00 | $ |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | 1,757.00 | $ |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | 6,622.91 | $ |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | $ 6,622.91 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document.:

**NONE**

B6J (Official Form 6J) (12/07)

In re Marcia L. Dick_____,                              Case No. _____
                                    Debtor                                            (If known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | | |
|---|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | $ | 3,301.09 |
| a. Are real estate taxes included? Yes _____ No ✓ | | | |
| b. Is property insurance included? Yes _____ No ✓ | | | |
| 2. Utilities: a. Electricity and heating fuel | | $ | 400.00 |
| b. Water and sewer | | $ | 75.00 |
| c. Telephone | | $ | 120.00 |
| d. Other **Cable** | | $ | 100.00 |
| 3. Home maintenance (repairs and upkeep) | | $ | 125.00 |
| 4. Food | | $ | 400.00 |
| 5. Clothing | | $ | 100.00 |
| 6. Laundry and dry cleaning | | $ | 50.00 |
| 7. Medical and dental expenses | | $ | 362.00 |
| 8. Transportation (not including car payments) | | $ | 300.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ | 100.00 |
| 10. Charitable contributions | | $ | 20.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | | |
| a. Homeowner's or renter's | | $ | 27.00 |
| b. Life | | $ | 0.00 |
| c. Health | | $ | 0.00 |
| d. Auto | | $ | 160.00 |
| e. Other | | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | | |
| (Specify) _____ | | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | | |
| a. Auto | | $ | 207.00 |
| b. Other **Horse Boarding Expenses** | | $ | 300.00 |
| 14. Alimony, maintenance, and support paid to others | | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $ | 0.00 |
| 17. Other _____ | | $ | 0.00 |

18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)          $  **6,147.09**

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

_____

| 20. STATEMENT OF MONTHLY NET INCOME | | |
|---|---|---:|
| a. Average monthly income from Line 15 of Schedule I | $ | 6,622.91 |
| b. Average monthly expenses from Line 18 above | $ | 6,147.09 |
| c. Monthly net income (a. minus b.) | $ | 475.82 |

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re **Marcia L. Dick** _____    Case No. _____

_____
**Debtor**    (If known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ **16** _____
sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date: ____ 6/18/08 ____    Signature: _Marcia L. Dick_____

**Marcia L. Dick**

Debtor

[If joint case, both spouses must sign]

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

(NOT APPLICABLE)

_Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C §§ 152 and 3571._

B7 (Official Form 7) (12/07)

## UNITED STATES BANKRUPTCY COURT
### District of Massachusetts

In re: **Marcia L. Dick**                                    Case No. _____

_____,
Debtor                                                (If known)

# STATEMENT OF FINANCIAL AFFAIRS

## 1.  Income from employment or operation of business

None
❑    State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| **91,000.00** | **Earnings** | **2006** |
| **97,000.00** | **Earnings** | **2007** |

## 2.  Income other than from employment or operation of business

None
☑    State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| | | |

## 3.  Payments to creditors

*Complete a. or b., as appropriate, and c.*

None
☑    a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| | | | |

None ☑ b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None ☑ c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

## 4. Suits and administrative proceedings, executions, garnishments and attachments

None ☑ a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None ☑ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 5. Repossessions, foreclosures and returns

None ☑ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 6. Assignments and receiverships

None ☑ a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ☑ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND ADDRESS OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

## 7. Gifts

None ☑ List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRES OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

## 8. Losses

None ☑ List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

## 9. Payments related to debt counseling or bankruptcy

None ☑ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Michael A Dixon | 6/08 | $275.00 |

## 10. Other transfers

None
☑

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
| --- | --- | --- |

None
☑

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR' INTEREST IN PROPERTY |
| --- | --- | --- |

## 11. Closed financial accounts

None
☑

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

## 12. Safe deposit boxes

None
☑

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

## 13. Setoffs

None
☑

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

## 14. Property held for another person

None

☑

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

## 15. Prior address of debtor

None

☑

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |

## 16. Spouses and Former Spouses

None

☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor 's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

## 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None

☑

a.    List the name  and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

| SITE NAME AND ADDRESS | NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None

☑

b.    List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None ☑    c.    List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
| --- | --- | --- |

## 18. Nature, location and name of business

None ☑    a. *If the debtor is an individual,* list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within the **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership,* list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation,* list the names, addresses, taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDIN DATES |
| --- | --- | --- | --- | --- |

None ☑    b.    Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
| --- | --- |

* * * * * *

*[if completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date    6/18/08      Signature of Debtor    *Marcia L. Dick*
Marcia L. Dick

## UNITED STATES BANKRUPTCY COURT

### District of Massachusetts

In re:   **Marcia L. Dick**                                                Case No.   _____

**7160**                                                                   Chapter     **13**

# APPLICATION/ORDER FOR FEES

Memorandum of Receipts and Disbursements;
Statement of Attorney Pursuant to Bankruptcy Rule 2016(b);
and Order Thereon

**TO THE HONORABLE BANKRUPTCY JUDGE:**

Applicant hereby makes application for fees and represents that the fee arrangement in this proceeding is as follows:

1. That Applicant, as attorney for the debtor, has performed all services necessary for the confirmation of the Debtor's Plan.  The services include interviews with debtor; the preparation and filing of the Debtor's Petition, Chapter 13 Statement, Plan and Plan Analysis; and appearance at the § 341 meeting and confirmation hearing.

2. That Applicant believes a reasonable fee for said services to be   **$3,500.00**   and prays that said fee be approved and allowed.

3. That Applicant has received payments from the debtor and made disbursements on behalf of the debtor, as follows:

|                                          |              |              |
| ---------------------------------------- | ------------ | ------------ |
| Total Received                           | **$0.00**    |              |
| Disbursements:                           |              |              |
|     Filing fee        | ~~$0.00~~ 274.00 |          |
|     Trustee           | **$0.00**    |              |
|     Other             | **$0.00**    |              |
| Total Disbursements:                     |              | **$0.00**    |
| Amount applied to attorneys' fees        |              | **$0.00**    |
| Balance of attorneys' fees               |              | **$3,500.00** |

The total amount of money paid to attorney on behalf of debtor within one (1) year of the date of filing is the sum of including fees reserved for Chapter 13.

*274.00*
~~$0.00~~

4. That in addition to the foregoing statements, Applicant makes the following statements pursuant to Bankruptcy Rule 2016(b):

(a) The details set forth by the debtor herein in the Chapter 13 Statement concerning compensation paid and compensation promised to be paid to his attorney of record is a true, complete and accurate statement of the agreement between the debtor and the attorney of record for legal services rendered and to be rendered herein.

(b) The source of the monies paid by the debtor to the attorney of record to the best of the knowledge and belief of said attorney was:

**None**

(c) The attorney of record has not shared or agreed to share, other than with members of the law firm or corporation, any of said compensation with any other person except:

**None**

Dated:   _6/18/08_          _____

**Michael A. Dixon, Esq., Bar No. 550696**

Attorney for Debtor

# ORDER

The sum of $_____$ is hereby allowed Applicant as compensation for the services referred to in the above Application and the Trustee is directed to pay the unpaid balance thereof, the sum of $_____$ from the estate in accordance with the Plan.

Dated: _____

_____

United States Bankruptcy Judge

B 203
(12/94)

## UNITED STATES BANKRUPTCY COURT
### District of Massachusetts

In re:    **Marcia L. Dick**

Case No.

Chapter    **13**

Debtor

# DISCLOSURE OF COMPENSATION OF ATTORNEY
# FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---:|
| For legal services, I have agreed to accept | $ | 3,500.00 |
| Prior to the filing of this statement I have received | $ | 0.00 |
| Balance Due | $ | 3,500.00 |

2. The source of compensation paid to me was:

   ☐ Debtor                ☐ Other (specify)

3. The source of compensation to be paid to me is:

   ☐ Debtor                ☐ Other (specify)

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a) Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b) Preparation and filing of any petition, schedules, statement of affairs, and plan which may be required;

   c) Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

   d) Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

   e) [Other provisions as needed]
   **None**

6. By agreement with the debtor(s) the above disclosed fee does not include the following services:

   **None**

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:    6/18/08

**Michael A. Dixon, Esq., Bar No. 550696**

**Law Offices of Michael A. Dixon**
Attorney for Debtor(s)

**OFFICIAL FORM 8**
**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In re                                                    Case No.

**Marcia L. Dick**                                       Chapter   **13**


                    Debtor(s)


## CHAPTER 13 AGREEMENT BETWEEN DEBTOR AND COUNSEL
## RIGHTS AND RESPONSIBILITIES OF CHAPTER 13 DEBTORS AND THEIR ATTORNEYS

It is important for debtors who file bankruptcy cases under Chapter 13 to understand their rights and responsibilities. It is also useful for debtors to know what their attorney's responsibilities are, and understand the importance of communicating with their attorney to make the case successful. Debtors should also know that they may expect certain services to be performed by their attorney. To encourage that debtors and their attorneys understand their rights and responsibilities in the bankruptcy process, the following terms are agreed to by the debtors and their attorneys. BEFORE THE CASE IS FILED:

The <u>DEBTOR</u> agrees to:

1.     Provide the attorney with accurate financial information; and

2.     Discuss with the attorney the debtors' objectives in filing the case;


The <u>ATTORNEY</u> agrees to:

1.     Meet with the debtor to review the debtor's debts, assets, income and expenses;

2.     Counsel the debtor regarding the advisability of filing either a Chapter 7 or Chapter 13 case, discuss both procedures with the debtor, and answer the debtor's questions;

3.     Explain what payments will be made through the plan, and what payments will be made directly by the debtor for mortgage and vehicle loan payments, as well as which claims accrue interest;

4.     Explain to the debtor how, when, and where to make the Chapter 13 plan payments, as well as the debtor's obligation to continue making mortgage payments, without interruption, and the likely consequences for failure to do so;

5.     Explain to the debtor how the attorney's fees and trustee's fees are paid, and provide an executed copy of this document to the debtor;

6.     Explain to the debtor that the first plan payment must be made to the Trustee within 30 days of the date the plan is filed;

In re:  **Marcia L. Dick** _____  Case No. _____

7.    Advise the debtor of the requirement to attend the 341 Meeting of Creditors, and instruct debtor as to the date, time and place of the meeting;

8.    Advise the debtor of the necessity of maintaining appropriate insurance on all real estate, motor vehicles and business assets; and

9.    Timely prepare and file the debtor's petition, plan and schedules.


AFTER THE CASE IS FILED:

The DEBTOR agrees to:

1.    Keep the Trustee and attorney informed for the debtor's address and telephone number;

2.    Inform the attorney of any wage garnishments or attachments of assets which occur or continue after the filing of the case;

3.    Contact the attorney if the debtor loses his/her job or has other financial problems (the attorney may be able to have the Chapter 13 plan payments reduced or suspended in those circumstances), or alternatively obtains a material increase in income or assets;

4.    Advise counsel if the debtor is sued during the case;

5.    Inform the attorney if tax refunds to which the debtor is entitled are seized or not received;

6.    Advise counsel and the Trustee before buying or selling property or before entering into any long-term loan agreements, to determine what approvals are required;

7.    Provide the Trustee and the attorney, prior to the Section 341 meeting of creditors, with documentary evidence as to debtor's income from all sources and the value of any asset in which the debtor has an interest, together with a copy of any declaration of homestead covering the debtor's real estate, proof of insurance on any real property or automobiles in which the debtor has an interest, and any other documents which the Trustee might reasonably request in order to assess whether the debtor's proposed plan should be confirmed.


The ATTORNEY agrees to provide the following legal services in consideration of the compensation further described below:

1.    Appear at the 341 Meeting of Creditors with the debtor;

2.    Respond to objections to plan confirmation, and where necessary, prepare an amended plan;

3.    Prepare, file and serve one necessary modification to the plan which may include suspending, lowering, or increasing plan payments;

4.    Prepare, file and serve necessary amended schedules in accordance with information provided by the debtor;

In re:   **Marcia L. Dick** _____

Case No. _____

5.      Prepare, file, and serve necessary motions to buy, sell, or refinance real property;

6.      Object to improper or invalid claims, if necessary, based upon documentation provided by the debtor;

7.      Represent the debtor in motions for relief from stay;

8.      Where appropriate, prepare, file and serve necessary motions to avoid liens on real or personal property; and

9.      Provide such other legal services as are necessary for the administration of the case.

.The initial fees charged in this case are **$3,500.00**. Any and all additional terms of compensation and additional services agreed to be rendered, if any, are set forth in writing and annexed hereto. If the initial fees are not sufficient to compensate the attorney for the legal services rendered in this case, the attorney further agrees to apply to the court for additional fees. If the debtor disputes the legal services provided or the fees charged by the attorney, an objection may be filed with the court and the matter set for hearing.

Debtor signature:   _____   Dated: __6/18/08__
                    **Marcia L. Dick**

Attorney for Debtor (s) signature: _____   Dated: __6/18/08__
                    **Michael A. Dixon, Esq.**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

In re:   **Marcia L. Dick**

**Debtor**

Case No. _____

Chapter  **13** _____

# VERIFICATION OF CREDITOR MATRIX

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors,  consisting of **2** sheet(s) is complete, correct and consistent with the debtor's schedules pursuant to Local Bankruptcy Rules and I/we assume all responsibility for errors and omissions.

Dated:  _____ 6/18/08 _____

Signed: _____
**Marcia L. Dick**

Signed: _____
**Michael A. Dixon, Esq.**
Attorney for Debtor(s)

Bar no.:              **550696**
**Law Offices of Michael A. Dixon**
**92 High Street**
**Suite 5**
**Medford, MA 02155**
Telephone No.:     **781-391-7117**
Fax No.:              **781-391-7017**
E-mail address:   **michaeldixon@verizon.net**

Bank of America
P.O. Box 1516
Newark, NJ 07101-1516


Bank of America
P.O. Box 1516
Newark, NJ 07101-1516


Bank of America, N.A.
c/o J.A. Cambece Law Office
8 Bourbon Street
Peabody, MA 01960


Beneficial
P.O. Box 5233
Carol Stream, IL 60197-5233


Chrysler Financial
P.O. Box 9223
Farmington Hills, MI 48333-9223


Citibank
c/o National Financial Systems
600 W. John Street
P.O. Box 9041
Hicksville, NY 11802-9041


Comp USA
P.O. Box 17298
Baltimore, MD 21297-1298


Countrywide Home Loans
P.O. Box 660694
Dallas, TX 75266-0694


Discover Bank
c/o Zwicker & Associates
80 Minuteman Road
Andover, MA 01810

Mattress Discounters
P.O. Box 94498
Las Vegas, NV 89193-4498

National Grid
P.O. Box 960
Northborough, MA 01532-0960

U.S. Small Business Administration
P.O. Box 740192
Atlanta, GA 30374-0192

Union Plus
P.O. Box 88000
Baltimore, MD 21288-0001

Wells Fargo Financial Bank
P.O. Box 5943
Sioux Falls, SD 57117-5943