**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In re:

**DICK, Marcia**
SS# xxx xx 7160                                                **Chapter 13**
                                                               **Case # 08-14473-FJB**
                            **Debtor(s)**

**ORDER CONFIRMING CHAPTER 13 PLAN**

    The Debtor(s) filed an amended Chapter 13 Plan (the "Plan") on <u>November 10, 2008.</u> The Debtor(s) filed a Certificate of Service on <u>December 30, 2008</u>, reflecting that the Plan was served on all creditors and parties in interest. No objections to the confirmation of the Plan were filed, or all objections were overruled by the Court or resolved by the parties.  Upon consideration of the foregoing, the Court hereby orders the following:

    1.    The Plan is confirmed.  The term of the Plan is <u>60</u> months.

    2.    The Debtor(s) shall pay to the Chapter 13 Trustee the sum of <u>$475.00</u> per month commencing <u>August 1, 2008</u> which payments shall continue through the completion of the Plan and shall be made on the <u>1st</u> day of each month unless otherwise ordered by the Court. Payments shall be made by Money Order or Bank Treasurer's check (personal checks will not be accepted) and shall be made payable to and forwarded to: <u>Carolyn A. Bankowski, Chapter 13 Trustee, PO Box 1131 Memphis, TN 38101-1131.</u>

    3.    The effective date of confirmation of the Plan is <u>August 1, 2008.</u>  The disbursements to be made by the Chapter 13 Trustee pursuant to the confirmed plan are set forth on the attached summary which is incorporated by reference. Interested parties should consult the detailed provisions of the Plan for treatment of their particular claims and other significant provisions of the Plan.  Unless otherwise ordered by the court, all property of the estate as defined in U.S.C.§§ 541 and 1306, including, but not limited to, any appreciation in the value of real property owned by the debtor as of the commencement of the case, shall remain property of the estate during the term of the plan and shall vest in the Debtor(s) only upon discharge.  All property of the estate shall remain within the exclusive jurisdiction of the bankruptcy court.  The Debtor(s) shall not transfer, sell or otherwise alienate property of the estate other than in accordance with the confirmed plan or other order of the bankruptcy court.  The debtor shall be responsible for preserving and protecting property of the estate.

Dated: _____                   _____    3/3/2009
                                          United Stated Bankruptcy Judge

dmh

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In re:

**DICK, Marcia**
SS# xxx xx 7160

**Chapter 13**
**Case # 08-14473-FJB**

**Debtor(s)**

## SUMMARY OF DISBURSEMENTS TO BE MADE UNDER THE PLAN

1. **Modified Secured Claims**

NONE

2. **Unmodified Secured Claims**

a) Countrywide is retaining its lien on 473 North Street, Georgetown, MA. The Debtor(s) shall continue to make regular monthly payments in accordance with the contract with Countrywide. Countrywide will be paid its pre-petition arrearage in the sum of $7,242.08 over 60 months in the sum of $120.70 per month.

b) Beneficial is retaining its lien on 473 North Street, Georgetown, MA. The Debtor(s) shall continue to make regular monthly payments in accordance with the contract with Beneficial. Beneficial will be paid its pre-petition arrearage in the sum of $4,537.60 over 60 months in the sum of $75.63 per month.

c) Chrysler Financial is retaining its lien on the 2004 Jeep Wrangler Rubicon. The Debtor(s) shall continue to make regular monthly payments in accordance with the contract with Chrysler Financial.

3. **Administrative Claims**

Michael Dixon, Esquire shall receive $3,500.00 over 12 months.

4. **Priority Claims**

NONE

5. **Unsecured Claims**

The holders of unsecured claims totaling $79,890.08 shall receive a dividend of no less than 12.976%.

**6.     Other Pertinent Provisions**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In re:

**DICK, Marcia**
**SS# xxx xx 7160**

Chapter 13
Case # 08-14473-FJB

**Debtor(s)**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the within proposed order of confirmation was served upon the debtor, debtor's counsel of record and all parties and attorneys who have filed appearances and requests for service of pleadings, per the following service list, by first class mail, postage prepaid.

Dated: 2/18/09

Respectfully submitted,

By: **/s/ Carolyn Bankowski**
Carolyn Bankowski, BBO# 631056
Patricia A. Remer, BBO #639594
Office of the Chapter 13 Trustee
P.O. Box 8250
Boston, MA 02114
617-723-1313

**SERVICE LIST**

Marcia Dick
473 North Street
Georgetown, MA 01833

Michael Dixon, Esquire
92 High Street, Ste. 5
Medford, MA 02155

GE Money Bank
c/o Ramesh Singh
Recovery Management Systems Corp.
25 SE 2nd Avenue, Ste. 1120
Miami, FL 33131

Gale Erb
MDOR/CSE
PO Box 9561
Boston, MA 02114

DaimlerChrysler Financial Services
Americas
c/o Martin Mooney, Esquire
Deily, Mooney & Glastetter, LLP
8 Thurlow Terrace
Albany, New York 12203

HSBC Bank Nevado, N.A.
Bass & Associates, P.C.
3936 E. Ft. Lowell Road, Ste. 200
Tucson, AZ 85712

**AMENDED**
# OFFICIAL FORM 3
# PRE-CONFIRMATION CHAPTER 13 PLN

Editor's Note: No red-lining – complete revision.

CHAPTER 13 PLAN

Docket No.: 08-14473

DEBTORS: (H) Marcia L. Dick     SS#: 7160

(W) _____     SS#: _____

I. PLAN PAYMENT AND TERM:

Debtor(s) shall pay monthly to the Trustee the sum of $ 475.00 for the term of:

☐ 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);

☒ 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);

☐ 60 Months. 11 U.S.C. § 1322(d)(2). Debtor avers the following cause:

_____
_____
_____; or

☐ ____ Months. The Debtor states as reasons therefore: _____

## II. SECURED CLAIMS:

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| Countrywide | Pre Petition Arrears | $ 7242.08 |
| Beneficial | Pre Petition Arrears | $ 4537.60 |
|  |  | $ |

Total of secured claims to be paid through the Plan:   $ 11,779.68

B. Claims to be paid directly by debtor to creditors (Not through Plan):

| Creditor | Description of Claim |
|---|---|
| Countrywide | Post Petition Mortgage Payments |
| Beneficial | Post Petition Mortgage Payments |
| Chrysler Financial | Post Petition Auto Payments |

C. Modification of Secured Claims:

| Creditor | Details of Modification (Additional Details May Be Attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
|  |  |  |
|  |  |  |

D. Leases:

    i. The Debtor(s) intend(s) to reject the residential/personal property lease claims of _____; or

    ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of _____.

    iii. The arrears under the lease to be paid under the plan are _____.

### III. PRIORITY CLAIMS:

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| _____ | _____ | $_____ |

B. Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

Total of Priority Claims to Be Paid Through the Plan:  $_____

### IV. ADMINISTRATIVE CLAIMS:

A. Attorneys Fees (to be paid through the plan):  $ 3500.00

B. Miscellaneous Fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

V. UNSECURED CLAIMS:

The general unsecured creditors shall receive a dividend of **12.976** % of their claims.

A. General unsecured claims                                $ 79,890.08

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| | | $ 0 |
| | | $ |
| | | $ |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of Claim | Amount of claim |
|---|---|---|
| | | $ 0 |
| | | $ |

Total of Unsecured Claims (A + B + C):                     $ 79,890.08

D. Multiply total by percentage:                            $ 10,366.63
(Example: Total of $38,500.00 x .22 dividend = $8,470.00)

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of Claim | Amount of claim |
|---|---|---|
| | | $ |
| | | $ |
| | | $ |

Total amount of separately classified claims payable at ____%:  $ 0

V. OTHER PROVISIONS:

A. Liquidation of assets to be used to fund plan: __NONE__

B. Miscellaneous Provisions:

NONE

VI. CALCULATION OF PLAN PAYMENT:

a) Secured claims (Section I-A Total):              $ 11,779.68

b) Priority claims (Section II-A & B Total):        $ 0

c) Administrative claims (Section III-A&B Total):   $ 3,500.00

d) Regular unsecured claims (Section IV-D Total): + $ 10,366.63

e) Separately classified unsecured claims:          $ 0

f) Total of a + b + c + d + e above:              = $ 25,646.31

g) Divide (f) by .90 for total including Trustee's fee:
   Cost of Plan =                                   $ 28,495.90

(This represents the total amount to be paid into the Chapter 13 Plan.)

h) Divide (g), Cost of Plan, by Term of Plan, __60__ months

i) Round up to nearest dollar for Monthly Plan Payment:  $ 475.00
(Enter this amount on page 1)

Pursuant to 11 U.S.C. §1326(a)(1) unless the Court orders otherwise, debtor shall commence making the payments proposed by a plan within thirty (30) days after the petition is filed. Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

## VII. LIQUIDATION ANALYSIS

A. Real Estate:

| Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| 473 North Street, | $ 330,000.00 | $ 427,337.59 |
| Georgetown, MA | $ | $ |
| | $ | $ |

Total Net Equity for Real Property:     $ 0

Less Total Exemptions (Schedule C):     $ 0

Available Chapter 7:     $ 0

B. Automobile (Describe year, make, model):

2004 Jeep Wrangler  Value $ 13,000  Lien $ 3,190.13  Exemption $ 9,809.82

1997 GMC Sierra  Value $ 1,500  Lien $ 0  Exemption $ 1,500.00

Total Net Equity:     $ 11,309.87

Less Total Exemptions (Schedule C)     $ 11,309.87

Available Chapter 7:     $ 0

C. All other Assets: (All remaining items on schedule B) : (Itemize as necessary)

_____

_____

Total Net Value:     $ 136,250.00

Less Exemptions (Schedule C):     $ 136,250.00

Available Chapter 7:     $ 0

D. Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions: $ 0

E. Additional Comments regarding Liquidation Analysis:

_____

_____

## VIII. SIGNATURES

Pursuant to the Chapter 13 rules, the debtor or his or her attorney is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

_____  10/18/08
Debtor's Attorney           Date

Attorney's Address:  92 High Street
_____
Suite 5
_____
Medford MA 02155
_____

Tel. # (781) 391-7112
Email Address: MICHAELDIXON@VERIZON.NET

I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.

_____  10/18/08
Debtor                      Date

_____  _____
Debtor                      Date

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS